Judge Care.
On the merits, there is no question about this case. The whole estate, both real and personal, being devised to the widow for life, and the crop being made on her land with her slaves, the year after the testator’s death, is, without doubt, of right hers, and may be properly recovered by her husband, as her administrator. The evidence stated and demurred to, is abundant to make out the case of the plaintiff. The only doubt in the case is, on the demurrer to the declaration.
It is objected, that there is a misjoinder of counts; the two last being incompatible with the three first, because the three first charge the defendant as administrator of A. Epes, upon promises of 'the intestate; and the two last charge him upon his own promises; so that upon the first three, the proper judgment would be de bonis testatoris, and on the two last, de bonis propriis. If this be true, if the counts be so framed, that the proper judgment on the first set, would be against the goods of the intestate, and on the second, against the proper goods of the administrator, it must be acknowledged that the declaration is bad on general demurrer.
The first count is a general indebitatus assumpsit for $ 784 for wheat sold by the plaintiff’s intestate, while sole, to the defendant’s intestate. The second count is for the *439 ¿ame sum as money laid out, paid and expended, by the plaintiff’s intestate, while sole, to the defendant’s intestate, and for money had and received. The third count was a quantum vaiebat for the same parcel of wheat mentioned in the first count, sold and delivered by the plaintiff’s intestate, while sole, to the defendant’s intestate. The fourth count states, that the defendant’s intestate, being indebted to the plaintiff’s intestate, while sole, for wheat sold, money had and received, and money lent and advanced, died so indebted, and in consideration thereof, the defendant, as administrator, assumed to pay the same to the plaintiff’s intestate, while sole. The last count is an insimul computassent, between the plaintiff as administrator aforesaid, and the defendant as administrator of «4. Epes, of and concerning divers sums, by the defendant as administrator as aforesaid, to the plaintiff as administrator as aforesaid, due and unpaid; upon which account stated, it was found that the defendant, as administrator as aforesaid, was indebted to the plaintiff, as administrator as aforesaid, the sum of $784; in consideration thereof, &c.
Now, these counts seem to me all consistent, all seeking ilie same sum of the defendant, in the same character of administrator, and not at all in his own character. Nor ean I see how a judgment in this case, and on this declaration, could be given against him de bonis propriis. This is very different from the case in Hobart, 88, of Hurrenden v. Palmer, where the widow was sued as administratrix of her husband, and the declaration charged, that, the intestate had bought, of the plaintiff gold and silver and pearl, to the amount of 200/., and that after his death, the, defendant had bought of him pearl to the amount of 27/., and that upon account, she was found indebted both these sums, and promised to pay. Judgment for the plaintiff’, and reversed on error, because the defendant was charged in two manners; one, in her own right, and the other, as administratrix. But here, the whole charge against the defendant is as administra for: and the last count1;: *440 charging a promise of the administrator, and an accounting with him, are frequently thrown in to avoid the statute of limitations; 2 Saund. 117, c., and does not change the character in which the defendant is charged, nor authorise different judgment. It might have been better, (because more clear and explicit,) to have added in the last count, that they accounted together concerning money due from the intestate of the defendant to the intestate of the plaintiff; but, I cannot think the omission renders the declaration bad.
The judgment ought to be affirmed.
Judge Gkeen.
William Epes, who died in March or April, 1818, by his will, lent to his wife Eliza, his whole estate, real and personal, during her life. Archibald Epes, the executor of William, managed the estate, which was kept together, and in 1819, received the proceeds of the crop of wheat made that year, and passed it to the credit of his testator’s estate. He died, and Benjamin Cocke administered on his estate. Joseph Dudley intermarried with the widow of William Epes; and she dying, J. Dudley administered on her estate, and brought this suit in that character, against Cocke as administrator of Epes, for the purpose of recovering the money which Epes had received for the crop of wheat of 1819.
There are several counts upon the assumpsits of Epes to the intestate of the plaintiff, while sole, and a count upon the assumpsit of Epes’s administrator, to the intestate of the plaintiff while sole, to pay the debt of his intestate. The terms of the declaration in this count, are, after stating the debt to be due from Epes to the intestate of the plaintiHi, “The said defendant, as administrator as aforesaid, in consideration thereof, undertook, &c.” There is also a count upon an account stated between the plaintiff as administrator, and the defendant as administrator, concerning di *441 vers sums of money due by the defendant as administrator, to the plaintiff as administrator, upon which the defendant, as administrator, was found indebted to the plaintiff as administra!or; in consideration whereof, the defendant, as administrator, promised to pay whenever he, as trator as aforesaid, should be thereto required.
To this declaration, the defendant demurred generally; and pleaded, first, that his intestate did not assume as alleged. Secondly, that no assets came to his hands. Thirdly, that ho had fully administered. To these pleas, there were replications, and issues were joined. The demurrer was overruled; and upon the trial of the issues, the defendant demurred to the evidence, which consisted of an account rendered by the defendant to the plaintiff, in these words;
“Dr. Joseph Dudley in account with Archibald Epes, executor of William. Epes.”
“1819. By amount of crop of wheat grown on the Bermuda Hundred plantation this year, 0784 44. This amount appears to have been placed to the credit of Mr. William Epes’s estate by Mr. Archibald Epes; but, it is the wish of the parties, that it should be subject to the order of the Court of Chesterfield.
B. Cocke, jr. adm’r. of Archibald. Epes, deceased.” And proof was adduced that this crop of wheat was made in 1819, by the hands belonging to the estate of William Epes, and that assets of Archibald Epes came to the hands of the defendant, to the amount of 0 24,000 or 023,000. The Court gave judgment for the plaintiff.
There is no doubt upon the merits of the case. The proof is full, that Epes sold wheat to the amount of the plaintiff’s demand, which was raised on the plantation, and by the labour of the slaves, and use of the team and tools, devised to Mrs. Epes for her life; the testator dying in the spring of 1818, and the. wheat being of the crop of 1S19. The whole estate was kept together under the management of the executor, and the profits belonged to the devisee; whilst the executor hold the personal property. *442 with a power to sell so much of it as might be necessary to pay debts, which ought to have been paid out of the capital of the estate, and not out of the profits, which belonged to the widow. The executor did not hold the land adversely to the widow; as is virtually admitted by the account and memorandum attached to it, rendered by the defendant to the plaintiff.
The only question is, whether the declaration was good, in joining counts upon the assumpsit of the defendant’s intestate, to the plaintiff’s intestate, with a count upon the defendant’s assumpsit as administrator, to the plaintiff as administrator.
The cases referred to in 1 Chitt. on Pleading, 202, 204 and 213; Brassington v. Ault, 2 Bing. 177, and Catherwood v. Chaband, 1 B. & C. 150, leave no doubt
that these counts were properly joined, if the last count is to be understood as in effect averring that the accounting between the plaintiff and defendant, was in respect to money due from the intestate of the defendant to the intestate of the plaintiff. I think this is the effect of the count; although it is contended, that under this count evidence would be admissible to prove, that the defendant, as administrator, had himself received money belonging to the plaintiff’s intestate, in which case, he would be liable personally, and therefore, this count, upon which the judgment should be de bonis propriis, could not be joined with the others, upon which the judgment is de bonis testatoris I do not think that such evidence could be given under this count. If the intestate of the defendant had held a bond payable to himself, but in trust for the intestate of the plaintiff, and the defendant had sued for and recovered the money in his character of administrator of the trustee, he would have been debtor for the money, not as administrator, but individually; and it could not have been given in evidence upon a count, charging that he had accounted as administrator, concerning money due from him as administrator. A careful pleader would have stated the accounting to have been, concerning money due from the *443 .nteslate of the defendant to the intestate of the plaintiff, explicitly, and not left, that, to be ascertained by construe" fion; and would probably thereby have avoided the delay of this appeal.
The judgment should be affirmed.
Judge Cabell.
This is an action of assumpsit by Joseph Dudley, administrator of his deceased wife Eliza, against Benjamin Cocke, administrator of Archibald Epes deceased. The declaration contains five counts; three of which are on promises made by the intestate of the defendant to the intestate of the plaintiff, while she was sole. The fourth count is on a promise made by the defendant as administrator of Archibald. Epes, to the plaintiff as administrator as aforesaid, in consideration of a debt due from his intestate to the intestate of the plaintiff, to pay the same to the plaintiff. The fifth is, upon an account stated between the plaintiff as administrator as aforesaid, and the defendant as administrator as aforesaid, of and concerning divers sums of money due by the defendant as administrator, fyc. to the plaintiff as administrator, 8?c. upon which the defendant as administrator, was found indebted to the plaintiff as administrator; in consideration whereof, the defendant as administrator, promised the plaintiff as administrator, to pay him the same when thei'eto required.
To this declaration there was a general demurrer. The defendant also filed three pleas. 1. Non assumpsit by his intestate; 2. No assets; and 3. Fully administered. Issues were joined on the demurrer and on the pleas. The demurrer to the declaration was overruled; and on the trial of the issues of fact, there was a demurrer to the evidence. The jury found a verdict for the plaintiff, subject to the opinion of the Court on the demurrer to the evidence.
The first question is on the demurrer to the declaration, and the only objection which it presents, is, as to the pro *444 priety of joining the several counts found in the declaration.
The objection has a two-fold aspect.
1. As regards the person to whom the promises were made.
2. As regards the person by whom they were made.
As to the first. It is certainly true, that a plaintiff cannot join in the same action, a demand as executor or administrator, with a demand in his own right. 1 Term Rep. 480; 3 Term Rep. 659; 2 Sound. 117, d. But it is equally clear, that promises made to a plaintiff, as executor or administrator, may be joined with counts on promises made to the testator or intestate; on the principle, that in all such cases the damages and costs will be assets. Cowell & Wife adm’x. v. Watts, 6 East’s Rep. 405; 1 Chitt. Pl. 202-3-4-5. The declaration in this case, therefore, is free from objection, so far as relates to the person to whom the promises were made.
Secondly, as to the person by whom the promises were made. It is clear, that a promise which charges a man as executor or administrator, cannot be joined with one which’charges him personally; because the judgment, in the one case, would be de bonis propriis, and in the other, de bonis testatorisi 2 Sound. 117, d. note; Herrenden v. Palmer, Hob. 88; Hall v. Huffam, 2 Lev. 228; 2 Vin. Abr. 45, pl. 52, 47, pl. 5; Chitt. Pl. 205. But a promise by a defendant, as executor or administrator, in consideration of a debt due from the testator or intestate, may be joined with a promise by the testator or intestate. 2 Sound. 117, a. note; Secar v. Atkinson; 1 Hen. Black. 102. The four first counts in this declaration (the three first being on promises by the intestate of the defendant, and the fourth being on a promise by the defendant as administrator, to pay a debt of his intestate,) might, therefore, be well joined; and it is equally clear, that the fifth count might be joined with the other four, provided it had been expressly stated, that the accounting set forth between the plaintiff as administrator, and the defendant as administrator, had been also stated to have been of and con *445 eerning monies, owing from the intestate of the defendant. Secar v. Atkinson, 1 Hen. Black. 102. Now, although it would have been more formal, and less liable to cavil, and therefore more prudent, to have stated expressly, not only that the accounting was between the plaintiff as administrator and the defendant as administrator, but also that it was of and concerning monies due from the intestate of the defendant, ye! I do not consider the last allegation as indispensably requisite; for, when the accounting is stated to have been between the plaintiff as administrator, and the defendant as administrator, it will be taken (unless the contrary expressly appear, as it did in the case in Hohart, p. 88,) to be of and concerning monies due from the intestate of the defendant.
There is, therefore, nothing in the objection as to the misjoining of the counts in the declaration; and, of course, the demurrer to the declaration was properly overruled.
The demurrer to the evidence presents still less difficulty. It shews that William Epes died in the year 1818, after having made his will, by which he devised to his wife for life, (the intestate of the plaintiff) his whole estate, both real and personal, and appointed Archibald Epes (the intestate of the defendant) his executor. Archibald Epes kept the estate together; and in the year 1819, made thereon the crop of wheat,’the proceeds of which are the only subject in controversy in this suit. These proceeds were not necessary for the payment of the debts of William Epes. They were, however, received by Archibald Epes, and were applied by him to the credit of the estate of William Epes. But, they were unquestionably the property of Mrs. Epes, the intestate of the plaintiff; since the wheat was made on her land, and by her slaves; and they were recoverable by her administrator, in this form of action, since the possession of Archibald Epes was net adverse to her.
The judgment must be affirmed.*

 The Tmbibext anti Judge Cqaetfji absent.